Franklin Bruce STREETT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17517.

United States Court of Appeals Eighth Circuit.

Oct. 23, 1964.

Joel P. Smith, Minneapolis, Minn., for appellant.

Patrick J. Foley, Asst. U. S. Atty., Minneapolis, Minn., Miles W. Lord, U. S. Atty., Minneapolis, Minn., for appellee.

Before VOGEL, VAN OOSTERHOUT and MEHAFFY, Circuit Judges.

## PER CURIAM.

Franklin Bruce Streett was charged in a grand jury indictment with a violation of 18 U.S.C.A. § 751 in that on July 25, 1963, he escaped from custody. At the time of the alleged offense, the appellant was confined in the Hennepin County Jail, Minneapolis, Minnesota, awaiting trial on two multi-count indictments which charged violations of 18 U.S.C.A. § 2314 in that he transported various forged securities in interstate commerce. The record in the escape charge indicates that in the early morning hours of July 25, 1963, Streett, through surreptitious manipulation of a lock and the breaking of a window, escaped from jail but was captured within a very short time thereafter. Evidence as to the escape was clear and uncontradicted. Facts as to the escape were admitted by the appellant when he testified on direct examination. The jury returned a verdict of guilty and thereafter the appellant was sentenced to serve a period of two years' imprisonment, such sentence to be served consecutively and not concurrently to sentences theretofore imposed on him because of the 18 U.S. C.A. § 2314 charges on which he had been first tried and found guilty. Near the end of the first day of trial in the escape case, the defendant chose to testify in his own behalf. Shortly after he had taken the stand and while he was being examined directly by his court-appointed counsel, the District Judge before whom the case was being tried interrupted as follows:

"The Court: Well, Mr. Streett, what do you have in your hand, a pointer or something there?

"The Witness: That is what it is.

"The Court: Perhaps you had better give it to me.

"By Mr. Forslund:

"Q. When were you first placed in custody in the jail?

"A. I think January 18, 1963.

"Q. How long did you stay there?

"A. I think I was removed from there about the last of February.

"Q. And then where did you go?

"A. To Springfield, Missouri.

"Q. Whereabouts in Springfield?

"A. At the Federal Medical Center for psychological examination by order of this Court.

"Q. Then when you were returned, where did you return to?

"A. To St. Paul, Ramsey County Jail for one night, and here the next morning, which is the Hennepin County Jail."

It is the appellant's claim that the trial judge's remarks, supra, constituted reversible error and that the appellant is entitled to a new trial by reason thereof. Numerous cases are cited to us indicating that juries are easily influenced by the words and conduct of the trial judge and that they are ever watchful of the words that fall from his lips. It is here claimed that the District Judge's remarks had the effect of characterizing the appellant before the jury as a dangerous man and that while no objection was made at the time of the judge's remarks, that they nevertheless constituted plain error within the provisions of Rule 52(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., and should accordingly be noticed by this court even though no record was made to take advantage thereof at the time of trial. Appellant argues that: " * * * not only did the trial court characterize the appellant as a dangerous man; it did so just at the moment that the appellant was beginning his testimony in his own defense"; that this was especially damaging at the time it was made; and that, " * * * it apparently so upset the appellant that he was unable to testify in a completely coherent manner." We have read the transcript with

care. No such inference can possibly be drawn therefrom. Appellant gave lucid and prompt responses to his attorney's questions. He claimed that he had been held in excessive bail. He made bitter complaints about the food served him in jail, a lack of change of clothing, his discovery that the door to the cell block had been left open and his reporting that to the guard, and that later on, upon receiving a letter from a friend who was ill, that he thereupon decided to leave the jail and accordingly perfected his escape which terminated abruptly in his recapture. When appellant's attorney had completed his direct examination it was almost five o'clock in the afternoon. The court then adjourned until ten o'clock the following morning, at which time the government waived its privilege of cross-examining the appellant. The court thereupon gave the appellant a further opportunity to testify. If, as claimed, appellant had been "upset" and rendered "incoherent" by the judge's remarks of the previous day, this was a good time to correct the situation after having had a night of rest and reflection. The appellant chose not to do so, his attorney stating he had no further testimony.

We think that the remarks of the trial judge were entirely reasonable and could not possibly have been prejudicial to the appellant in the eyes of the jury. If the appellant did carry a pointer with him to the witness chair—and we must assume that he did in view of the court's question and his reply, although the record itself is silent on the matter—we think it the most natural and normal thing in the world for the trial judge to have asked him to give him the pointer or to put it down. It may well have been distracting. The request had no greater significance than the rather common instance of a court telling a witness to take his hand down from his mouth so that he may be heard more clearly or to face the jury when giving his testimony.

We find no parallel whatsoever between the facts in this case and the facts in the cases cited to us by appellant's counsel in his brief. Trial judges are charged with the responsibility of conducting impartial trials in a decorous atmosphere. Simple admonitions to witnesses to desist from distracting behavior or requests that they speak more clearly are not intended to nor do they reflect detrimentally on the character of the party testifying. We find nothing prejudicial and no characterization of the appellant as "dangerous" in the statements made by the trial judge herein.

Mr. Joel P. Smith of Minneapolis, Minnesota, was appointed to represent the appellant in this case. He was not the attorney who represented the appellant at the trial in district court. We are indebted to him for his efforts, for his brief and for his having made the trip from Minneapolis to St. Louis for the purpose of personally arguing the case, for which services he has not been and cannot be paid.

The appellant himself asked permission to file his own brief *pro se*. He has done so, as well as adding a supplement thereto. We have given consideration to his briefs which deal with the charge that he was wrongfully arrested in the first instance;[1] that he was held in excessive bail; that the food served him in jail was bad; that he was not given a change of clothing, all of which we have considered and find irrelevant to any question raised here on appeal.

Affirmed.

1. See Streett v. United States, 8 Cir., 1964, 331 F.2d 151, which reversed appellant's conviction on the 18 U.S.C.A. § 2314 charges.